**Albert NGADIMAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–1815–ag.**

United States Court of Appeals, Second Circuit.

July 14, 2006.

H. Raymond Fasano, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Judith A. Lombardino, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Albert Ngadiman, through counsel, petitions for review of the March 2005 BIA order affirming Immigration Judge ("IJ") William F. Jankun's decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yu Yin Yang v. Gonzales, 431 F.3d 84, 85 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Secaida–Rosales v. INS, 331 F.3d 297, 306–07 (2d Cir.2003).

Because Ngadiman fails to challenge the BIA's and IJ's determination that he failed to timely file his asylum application, any challenge to the resolution of this issue is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 8 (2d Cir. 2005).

To the extent that Ngadiman, by arguing below and in his brief to the Court that the BIA and IJ failed to analyze his fear of persecution on account of his religion, challenged the BIA's and IJ's determination that he failed to establish that he suffered past persecution or a clear probability of future persecution, Ngadiman has preserved his withholding of removal claim with respect to that issue only.

Substantial evidence supports the BIA's and IJ's determination that Ngadiman failed to meet his burden in this regard. While the IJ did not refer to Ngadiman's religion in considering the incidents that formed the bases for Ngadiman's claim, the manner in which the IJ recounted the incidents was consistent with Ngadiman's testimony. The record reflects that although Ngadiman indicated he was afraid he would be targeted in Indonesia because he was a Buddhist, and not a Muslim, he failed to testify to any discriminatory or other acts perpetrated against him on the basis of religion. The only mention of a religious-related incident was Ngadiman's description of having attended a Catholic mass when a bomb exploded—an incident which the IJ specifically noted in his decision. However, Ngadiman did not present any evidence that such event occurred with the government's complicity, or that such events occurred so frequently as to demonstrate a pattern or practice of persecution against Buddhists or non-Muslims in general. Additionally, the IJ reasonably found that the reasonableness of Ngadiman's fear of persecution was reduced when his family remains in Indonesia un-

harmed. *See Matter of A–E–M*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998).

Furthermore, while the IJ may not have specifically addressed whether Ngadiman met his burden of proof with respect to establishing that there was a clear probability that he would be persecuted on account of his religion, it is presumed that the BIA took into account this argument, which Ngadiman clearly raised on appeal. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006). Because the record does not "compellingly suggest otherwise," the BIA was not required to specifically address this claim. *Id.* In any event, a remand in this case would be completely futile in light of the fact that the BIA's order denying Ngadiman's motion to reconsider explicitly addressed and rejected his argument that it did not analyze his claim based on his religion. *Cf. Alam v. Gonzales*, 438 F.3d 184, 187–88 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Ngadiman's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).