**Susana KHANCHALIAN, Natali Khanchalian, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–2064–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Craig Oswald, Rick D. Young, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Susana Khanchalian, a native and citizen of Georgia, seeks review of a March 30, 2006 order of the BIA denying her motion to reconsider its November 30, 2005 order adopting and affirming immigration judge ("IJ") Noel Ferris' August 9, 2004 decision denying Khanchalian's applications for asylum and withholding of deportation. *In*

*re Susana Khanchalian, Natali Khanchalian,* Nos. A70 904 029, A79 133 769 (B.I.A. March 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

A motion to reconsider must specify errors of law or fact in the BIA's decision and be supported with pertinent authority. 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90. In her motion to reconsider, Khanchalian contended that the BIA failed to consider the impact on her case of this Court's decisions in *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104 (2d Cir.2005) and *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391 (2d Cir.2005). Khanchalian's motion to reconsider focused exclusively on the impact of *Jin Chen* and *Cao He Lin* on two of the IJ's five adverse credibility factors. However, in *Cao He Lin,* 428 F.3d at 395, this Court stated that remand is not required where "the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand, [or] the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." In *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) this Court also

noted that remand was not required where "(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) despite errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded." This Court subsequently extended the doctrine of futility of remand to review of BIA and IJ denials of motions to reopen and reconsider. *See Alam v. Gonzales,* 438 F.3d 184, 187–88 (2d Cir.2006).

 The IJ identified and the BIA adopted and affirmed three other material inconsistencies fatally undermining Khanchalian's credibility, which Khanchalian never challenged. Because Khanchalian does not dispute those factors, she has waived any challenge to them. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). A review of the record reveals substantial evidence supporting the IJ's findings of material inconsistencies, and thus remand would be futile even if the IJ had engaged in some impermissible speculation. *See Alam,* 438 F.3d at 187–88. The BIA thus did not abuse its discretion in denying Khanchalian's motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).