Benziane BEDIA, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–0620–ag.

United States Court of Appeals, Second Circuit.

April 26, 2007.

Hans Christian Linnartz, Durham, NC, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Mark T. Karner, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Benziane Bedia, a native and citizen of Algeria, seeks review of a January 12, 2006 order of the BIA affirming the May 23, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his motion to reopen his deportation proceedings. *In re Benziane Bedia*, No. A73 645 561 (B.I.A. Jan. 12, 2006); *aff'g* No. A73 645 561 (Immig. Ct. N.Y. City May 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found only where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, we need not reach Bedia's timeliness argument because the BIA did not abuse its discretion in finding that he failed to submit evidence that established his prima facie eligibility for relief.

The 2004 State Department Country Reports on Human Rights Practices in Algeria stated that the decade-long civil conflict in Algeria had pitted at least two radical Muslim groups against moderate Muslims, like Bedia, and that terrorists had targeted both civilians and security forces, resulting in the deaths of almost one hundred civilians in 2004 and over one hundred members of the security forces. However, the State Department report also indicated that Algeria was emerging from "over a decade of terrorism and civil strife in the 1990s," there was a significant

reduction in reported abuses by the security forces, government actions reduced the number of terrorism-related civilian deaths and strengthened the basic human right to life and security, and there were no reports of politically motivated disappearances. Additionally, even the news articles that Bedia presented indicated that the killing of the head of the radical insurgent Armed Islamic Group had led to the "almost total collapse" of Algeria's deadliest extremist force fighting secular authorities. Given the current country conditions in Algeria described in the background materials, and the absence of evidence that moderate Muslims are being persecuted, we cannot find that the BIA abused its discretion in denying Bedia's motion to reopen. *See Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006) (failure to establish a prima facie case is a proper ground on which to deny a motion to reopen).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).