Gela CHAMPURIDZE, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–3881–ag.

United States Court of Appeals,
Second Circuit.

July 18, 2007.

Alexander J. Segal, Brooklyn, NY, for
Petitioner.

Peter D. Keisler, Assistant Attorney General, Michele Gorden Latour, Assistant Director, Kohsei Ugumori, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Gela Champuridze, a native and citizen of Georgia, seeks review of a July 19, 2006 decision of the BIA denying his motion to reopen. *In Re Gela Champuridze*, No. A77 732 554 (B.I.A. July 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ In his brief, Champuridze argues that the IJ's adverse credibility determination is not supported by substantial evidence and that the IJ's discretionary denial of his adjustment of status application was flawed and violated his due process rights.[1] However, this Court is unable to review the IJ's credibility determination because Champuridze did not file a timely petition for review of the denial of his appeal. *Id.* at 90. Because the petition for review is timely only with respect to the denial of his motion to reopen, the only issue before this Court is whether the BIA abused its discretion in finding that Champuridze failed to present new, material evidence relating to his eligibility for adjustment of status. *Id.*

■ The regulations governing BIA proceedings state that a motion to reopen will not be granted unless the movant offers evidence that was material and "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(2). This Court has stated that "both a failure to offer such evidence and a failure to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny the motion to reopen." *Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Here, the BIA did not abuse its discretion in finding that some of Champuridze's documents were previously available. Specifically, his wife's affidavits and the information contained in his waiver application could have been presented earlier. Champuridze argues that he was not aware that he would have needed to submit these documents earlier, but this argument is misplaced. Although Cham-

---

1. To the extent that these arguments may be construed as a challenge to the BIA's denial of his motion to reconsider, they are unavailing because Champuridze fails to assert any error in the BIA's untimeliness finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

puridze would not have been deemed inadmissible until after his proceedings before the IJ had concluded, the information regarding his wife's hardship was directly relevant to whether his adjustment of status application should have been granted as a discretionary matter. Thus, the BIA did not abuse its discretion in finding that the claims made in the waiver application and affidavits were previously available and "could have been presented" at the prior proceedings.

Even if the documents had been previously unavailable, the BIA did not abuse its discretion in determining that Champuridze's documents were insufficient to establish *prima facie* eligibility for the relief sought. As part of his waiver application, Champuridze submitted affidavits from his wife claiming that she would face extreme hardship if he is returned to Georgia. However, the BIA properly noted that the affidavits failed to describe when Champuridze's wife became disabled, the nature or severity of her disabilities, or how she would face hardship if Champuridze returns to Georgia. Without this information, the BIA did not err in finding the evidence insufficient to establish eligibility for a hardship waiver or new grounds for a discretionary grant of his adjustment application. Champuridze argues that the waiver application was intended to remedy his failure to mention the arrests in his adjustment of status application. However, it is not clear from the record why the application would overcome that material omission.

In addition to the waiver documents, the BIA properly rejected Champuridze's previously unavailable tax return forms as immaterial to the discretionary denial of his adjustment of status application. As Champuridze and the BIA acknowledge, the forms directly relate to one of the reasons provided for denying his adjustment of status application—the conflict with the affidavit of support regarding the number of persons in Champuridze's household. However, the BIA correctly recognized that the tax return failed to overcome the concern regarding the omission of his arrests from his written application. Since the omission was one of the major factors leading the IJ to deny the adjustment of status claim, the BIA did not abuse its discretion in finding that the tax return was insufficient to establish *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).