**ZONG HANG ZOU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2903–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, James M. Cutchin, Assistant United States Attorney, Benton, IL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Zong Hang Zou, a native and citizen of the People's Republic of China, seeks review of a June 2006 order denying his motion to reopen his immigration proceedings and file a successive application for asylum, withholding of removal and relief pursuant to the Convention Against Torture ("CAT") based on changed country conditions in China. *In re Zong Hang Zou*, No. A 73 561 580 (BIA June 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). We find that the BIA did not abuse its discretion in denying Zou's motion to reopen for failure to demonstrate changed country conditions.

In a motion to reopen, we are precluded from passing on the merits of the underlying claim for relief and must confine our review to the denial of the petitioner's motion to reopen the proceedings. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001). Accordingly, only the BIA's denial of Zou's third motion to reopen can be reviewed for an abuse of discretion. The regulations state that a motion to reopen will not be granted unless the movant offers evidence that was material and was not available at the time of the previous hearing. 8 C.F.R.

§ 1003.2(c)(1). We have stated that "[b]oth a failure to offer such evidence and a failure to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny the motion to reopen." *Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006) (per curiam).

An alien is typically limited to one motion to reopen. 8 C.F.R. § 1003.2(c)(2). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Because the IJ issued Zou's final order of deportation on September 19, 1995, and Zou did not appeal that order to the BIA, Zou would have had ninety days subsequent to the order of deportation to submit his motion to reopen; however, Zou's third motion, filed on April 26, 2006, was nearly eleven years late.

A motion that does not comply with the time and numerical limitations can only be brought where the alien can establish one of four limited exceptions. 8 C.F.R. § 1003.2(c)(3). One such exception, the only one applicable here, is where the alien can establish "changed circumstances arising in the country of nationality...." 8 C.F.R. § 1003.2(c)(3)(ii).

Zou failed to present any material country conditions evidence indicating that he would likely be sterilized upon return to China on account of his two U.S. citizen children, and the BIA correctly noted that none of the submitted evidence established Zou's *prima facie* eligibility for relief. *See Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006) (holding that the BIA did not abuse its discretion in denying a motion to reopen and stating that "[t]he Aird affidavit ... was not prepared specifically for petitioner and is not particularized as to his circumstances. For that reason, its relevance is [ ]limited"). Because Zou's fear of future persecution based on the birth of his two U.S. citizen children is unsubstantiated, the BIA did not abuse its discretion in denying the motion to reopen. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").[1]

For the foregoing reasons, the petition for review is DENIED. The stay of removal the Court previously granted in this petition is VACATED.

---

1. We note that in recent decisions we have remanded petitioners' cases to the BIA in light of documents—not presented by petitioner in the present case—that suggest there may be in fact an official policy of forced sterilization in Fujian Province. *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109 (2d Cir.2006) (per curiam); *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). While we decline to exercise any inherent authority to remand this case to the BIA in light of the those documents, *see Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), we note that petitioner may be able to file with the BIA a subsequent motion to reopen or request to file a new asylum application based on those documents, *see id.* at 272–73 (Calabresi, J., concurring).