**FEN SHUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5522–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2008.

Fen Shun Chen, Milburn, NJ, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Sada Manickam, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Fen Shun Chen, a native and citizen of the People's Republic of China, seeks review of a November 28, 2007 order of the BIA denying his motion to reopen. *In re Fen Shun Chen,* No. A95 846 448 (B.I.A. Nov. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006). The new evidence Chen presented in support of his motion to reopen concerned his wife's adoption of an abandoned baby girl in China and her consequent sterilization by governmental authorities who treated the adoption of the child as a violation of the family-planning policy. As the BIA found, this evidence did not establish Chen's *prima facie* eligibility for the relief he sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Chen argues that he merits relief because he "regard[s] the persecution that [his] wife has suffered as [his] own." This argument is unavailing under *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007).[1] In that case, we held that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.* Chen is therefore not per se eligible for asylum based on his wife's sterilization and may establish entitlement to relief only by demonstrating that he has been or will be persecuted on account of his "other resistance" to China's coercive population control program. *See id.* at 309–10.

However, Chen has not alleged that he engaged in such "other resistance," *see id.,* and nothing in the record indicates that he demonstrated resistance to the enforcement of the family-planning policy in connection with his wife's alleged adoption of the abandoned baby girl or her subsequent forced sterilization. Chen does generally allege in his brief to this Court that he fears "heavy fines, forced hard labor in a labor camp, torture and imprisonment" should he return to China. However, he does not specify the basis for these fears and fails to connect them in any way to his wife's adopted daughter or her forced sterilization.

Finally, while Chen challenges the IJ's denial of his underlying application for relief, his petition for review is timely filed only with respect to the denial of his motion to reopen. Indeed, Chen did not petition for review from the agency's denial of his underlying asylum application. Because our review is therefore limited to the BIA's denial of his motion to reopen, *see Alam v. Gonzales,* 438 F.3d 184, 186 (2d Cir.2006), Chen's challenge to the IJ's adverse credibility determination is unavailing.

For the foregoing reasons the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal as well as the pending

---

1. Judge Sotomayor continues to believe that the majority opinion in *Shi Liang Lin* was in error to the extent it applied beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 327 (Sotomayor, J. concurring), but notes that the Attorney General has since adopted the Court's construction of the Statute and overruled the BIA's former *per se* rule of spousal eligibility, *see In the Matter of J–S–,* 24 I. & N. Dec. 520 (BIA 2008)

motion for exemption from oral argument in this petition is DISMISSED as moot.