SUMMARY ORDER

Petitioner Fery Haryanto, a native and citizen of Indonesia, seeks review of the May 31, 2007 order of the BIA denying his motion to reopen. In re Fery Haryanto, No. A96 423 872 (B.I.A. May 31, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Id. at 233-34.
We find that the BIA did not abuse its discretion in denying Haryanto’s motion to reopen as untimely and finding that he did not establish changed country conditions in Indonesia that would warrant reopening his removal proceedings. See 8 C.F.R. § 1003.2(c). As the BIA noted, its prior decision was issued in July 2005, but Haryanto did not file his motion to reopen until January 2007, well beyond the 90-day deadline. The BIA considered the evi *804 dence submitted by Haryanto and issued a reasoned decision finding that, while the documents submitted show that there continues to be some discrimination and harassment of ethnic Chinese Christians in Indonesia, the evidence also showed that instances of discrimination and harassment had declined and that the government had prosecuted religiously motivated attacks. See Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005) (noting that the BIA has a duty to consider “previously unavailable reports that materially support [petitioner’s] original application,” and “issue a reasoned decision based thereon, whether or not these reports are clearly determinative.”).
Moreover, Haryanto does not present any argument challenging the BIA’s finding that he did not establish changed circumstances. Instead, Haryanto argues only that the BIA erred when it failed to address his claim of a pattern and practice of persecution of Christians in Indonesia, an argument that goes to Haryanto’s prima facie eligibility for asylum, not the exception to the 90-day deadline. Compare 8 C.F.R. § 1003.2(c)(1) with 8 C.F.R. § 1003-2(c)(3)(ii); see also Alam v. Gonzales, 438 F.3d 184, 187 (2d Cir.2006) (per curiam). Thus, we have no reason to conclude that the BIA exceeded its allowable discretion in denying Haryanto’s motion to reopen. See Wei Guang Wang v. BIA, 437 F.3d 270, 274-75 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner’s pending motion for a stay of removal in this petition is DENIED as moot.