SUMMARY ORDER

Petitioner Ya Duan Lin, a native and citizen of the People’s Republic of China, seeks review of the October 11, 2007 order of the BIA denying her untimely motion to reopen and the February 29, 2008 order of the BIA denying her motion to reconsider. In re Ya Duan Lin, No. A077 854 144 (B.I.A. Oct. 11, 2007, Feb. 29, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of motions to reopen and reconsider for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Lin’s motions.
*582 The BIA reasonably found that Lin failed to demonstrate that it made any legal or factual error in denying her untimely motion to reopen. See 8 C.F.R. § 1003.2(b)(1); see also Jin Ming Liu, 439 F.3d at 111. Moreover, we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Lin asserts that in the BIA’s denial of her motion to reopen, it discussed a 2005 State Department country report that she never submitted, and that its discussion of this report suggests that the agency did not consider the entirety of her supporting documents. However, while Lin did not submit the 2005 country report that the BIA referenced in its decision, Lin cited to it in her motion to reopen. Thus, any error is harmless, particularly where, in denying her motion to reconsider, the BIA properly noted and addressed the evidence Lin submitted with her motion to reopen. See Alam v. Gonzales, 438 F.3d 184, 187-88 (2d Cir.2006). We decline to consider the documents contained in Lin’s Special Appendix as they were not included in the administrative record below. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007).
Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Lin’s motion to reopen. See Wei Guang Wang, 437 F.3d at 273; Jian Hui Shao, 546 F.3d at 169.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).