09-4962-ag
Singh v. Holder

BIA
A077 479 912

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand ten.

PRESENT:
        DENNIS JACOBS,
              *Chief Judge,*
        JON O. NEWMAN,
        GERARD E. LYNCH,
              *Circuit Judges.*

_____

PARMINDER SINGH,
        *Petitioner,*

        v.                                    09-4962-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES
        *Respondents.*

_____

FOR PETITIONER:        Nicholas J. Mundy, Brooklyn, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Steven F. Day,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Parminder Singh, a native and citizen of India, seeks review of a November 13, 2009 order of the BIA denying his motion to reopen. *In re Parminder Singh*, No. A077 479 912 (B.I.A. Nov. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As a preliminary matter, because Singh has failed to challenge sufficiently the BIA's denial of his motion to reconsider before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

We review the BIA's denial of Singh's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R.

§ 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Nevertheless, a motion to reopen based on changed country conditions must "be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

Here, the BIA did not abuse its discretion in denying Singh's untimely motion to reopen. As the BIA found, the attorney affirmation Singh submitted as the lone piece of evidence in support of his motion was inadequate because it was based solely upon "information and belief" and failed to reference any affidavits, reports, or other evidence to support the assertions therein. *See* 8 U.S.C. § 1229a(c)(7)(B). Moreover, although Singh cited to the 2009 International Religious Freedom Report for India in his motion, he failed to submit a copy of that report to the BIA. Likewise, although both the motion and attorney affirmation state that Singh's wife intends to return with him to India, Singh failed to provide an affidavit from either himself or his wife to support this assertion.

3

In fact, Singh failed to produce any of the affidavits or documentary evidence of changed country conditions necessary to excuse the untimely filing of his motion to reopen. We therefore find no abuse of discretion in the BIA's denial of Singh's motion. *See Alam v. Gonzales*, 438 F.3d 184, 188 (2d Cir. 2006) (upholding BIA's refusal to reopen when petitioner's evidence failed to show changed country conditions).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4