10-7-ag
Zhu v. U.S. Department of Justice

BIA
A099 928 384

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge*,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>             *Circuit Judges*.

_____

LI QIANG ZHU,
>        *Petitioner*,

>        v.                                    10-7-ag
>                                              NAC

UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL, IMMIGRATION & NATURALIZATION SERVICE,
>        *Respondents*.

_____

FOR PETITIONER:        Li Qiang Zhu (*pro se*), Brooklyn, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Charles S. Greene, III, Civil Division,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Qiang Zhu, a native and citizen of China, seeks review of the December 11, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Li Qiang Zhu*, No. A099 928 384 (B.I.A. Dec. 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Zhu did not file a timely petition for review of the underlying order denying his eligibility for relief; our review is therefore limited to the BIA's decision not to reopen Zhu's removal proceedings. *See Alam v. Gonzales*, 438 F.3d 184, 186 (2d Cir. 2006) (per curiam); *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam).

The BIA did not abuse its discretion in denying Zhu's motion to reopen based on his failure to provide evidence

establishing his prima facie eligibility for relief. *See I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988) (holding that a movant's failure to establish a prima facie case for the underlying substantive relief is a proper ground for the BIA to deny a motion to reopen); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). While Zhu stated that he began practicing Falun Gong in the United States after the immigration judge denied his original asylum application, and that his wife was arrested in China for practicing Falun Gong, the BIA reasonably found that Zhu offered insufficient evidence of his claimed fear of future persecution, or of his prima facie eligibility for relief. Zhu provided no evidence of his wife's arrest or practice of Falun Gong, and the evidence concerning Zhu's practice of Falun Gong in the United States was an affidavit that had multiple inconsistencies and did not indicate that Chinese officials were aware or would become aware of Zhu's practice of Falun Gong--let alone that they would persecute him as a result. *See Jian Hui Shao*, 546 F.3d at 168 (noting that in order to establish *prima facie* eligibility for relief in a motion to reopen, petitioner must "show a 'realistic chance'" of obtaining relief by "demonstrating that the proffered new evidence would likely alter the result in her case"); *Jian*

3

*Xing Huang v. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent "solid support in the record" for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best")(per curiam); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2005)(per curiam) (holding that an applicant who has not provided any evidence of past persecution and seeks to establish a well-founded fear of persecution based on his political activities in the United States, "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4