Jin v. Holder

BIA
Balasquide, IJ
A099 936 147

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:
    ROBERT A. KATZMANN,
    BARRINGTON D. PARKER,
    REENA RAGGI,
        *Circuit Judges.*

_____

YU JIN,
        *Petitioner,*

                                        11-1811-ag
        v.                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*


_____

FOR PETITIONER:         Emanuel Liu, Flushing, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Mary Jane Candaux,
                        Assistant Director; Aimee J.
                        Frederickson, Trial Attorney, Office
                        of Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yu Jin, a native and citizen of the People's Republic of China, seeks review of a April 8, 2011 decision of the BIA affirming the May 22, 2009 decision of Immigration Judge ("IJ") Javier Balasquide denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Jin*, No. A099 936 147 (B.I.A. April 8, 2011), *aff'g* No. A099 936 147 (Immig. Ct. N.Y.C. May 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Jin concedes that this Court lacks jurisdiction to review the pretermission of her asylum

application unless she establishes a constitutional claim or question of law. She has failed to do so.

Jin argues that the agency denied her due process rights by arbitrarily deeming her application untimely. However, the agency did not err by requiring that Jin submit corroborating evidence such as plane ticket stubs from the numerous flights Jin took after fleeing China or witness testimony that was reasonably available to her.[*] *See* 8 U.S.C. § 1158(a)(2)(B); *Diallo v. INS,* 232 F.3d 279, 285-86 (2d Cir. 2000). Because Jin has not asserted a colorable constitutional claim or any other question of law with regards to the determination that her asylum application was untimely, we lack jurisdiction to review that determination, and consider only Jin's claims for withholding of removal and CAT relief. *See* 8 U.S.C. § 1158(a)(2)(B),(3).

Jin argues that the agency erred by finding that she did not suffer past persecution based on her two-day detention by Chinese authorities and demotion for attending

---

[*] Jin argues that the agency failed to make a finding that witness testimony was reasonably available. However, the IJ noted in his decision that he expected witness testimony because Jin had a one-year continuance to obtain a witness. It was Jin's burden to show then that the witness testimony she planned on presenting was no longer reasonably available. *See Diallo*, 232 F.3d at 285-86.

3

an underground church meeting. To the contrary, the agency reasonably found that these isolated events did not involve any degree of physical or significant financial harm, and, consequently, did not rise to the level of persecution. *See Jian Qui Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (upholding finding that applicant who was detained for two days did not establish persecution because altercation in which he was slapped and repeatedly punched had no lasting physical effect and occurred prior to any detention); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above mere harassment, to constitute persecution).

Although Jin's contention that the agency mischaracterized the background material in finding that she did not establish a well-founded fear of persecution has some merit, we conclude that remand is not required. Contrary to the agency's finding, the 2006 State Department reports stated that members, in addition to leaders, of underground churches were subject to abuse. Furthermore, the BIA improperly found that Jin's fear of persecution was diminished because her family had remained unharmed in China as the record did not indicate that Jin's family also practiced Christianity. *See Melgar de Torres v. Reno*, 191

4

F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's similarly-situated relatives continued to live in petitioner's native country, claim of well-founded fear was diminished).

Despite these errors, however, "[the Court is] not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir. 2006). The BIA also concluded that Jin had not demonstrated that it was more likely than not that she would be persecuted, and that conclusion is both reasonable and dispositive. Although the State Department reports indicate that house church members are sometimes detained and abused, the reports also indicate that the house movement flourishes in certain regions without threat of government sanction. Jin did not allege that persecution continued in her region or that the authorities continued to seek her out. Because Jin's claim for withholding of removal and CAT relief were based on the same factual predicate, the agency did not err in denying both forms of relief given its conclusion that Jin failed to establish a likelihood of future harm. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk