Abdul L. ALAM, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General,[1] Respondent.

Docket No. 03–40569.

United States Court of Appeals, Second Circuit.

Submitted: Jan. 23, 2006.

Decided: Feb. 17, 2006.

---

**1.** United States Attorney General Alberto Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

Abdul L. Alam, pro se, Brooklyn, New York, submitted a brief for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Carole J. Ryczek, Edmond E. Chang, and Amarjeet S. Bhachu, Assistant United States Attorneys for the Northern District of Illinois, submitted a brief for Respondent.

Before: WALKER, Chief Judge, WINTER, and SACK, Circuit Judges.

PER CURIAM.

Abdul L. Alam, *pro se*, petitions for review of the BIA order denying his motion to reopen the BIA's decision, which denied his prior motion to reopen the BIA's decision affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We deny the present petition.

## BACKGROUND

In 1994, Alam, a native and citizen of Pakistan, filed an application for asylum and withholding of deportation, claiming that he and his family had been persecuted as Mohajirs and as members of the Mohajir party, Mohajir Quami Mahaz ("MQM"). *See* Administrative Record ("AR") at 438–45. Following an immigration hearing, the IJ denied Alam's asylum application and ordered that his application for voluntary departure be granted on March 2, 1999. *Id.* at 200–01. The IJ based her decision on an adverse credibility determination as well as insufficient corroboration. *Id.* at 195. The IJ also found it "highly unlikely" that Alam had a reasonable or well-founded fear of future persecution should he return to Pakistan because thirteen years had passed since his departure and his family members had remained there unharmed. *Id.* at 199. Alam appealed, and on December 16, 2002, the BIA affirmed the IJ's decision without opinion. *Id.* at 162. Alam did not file a petition of review from this order.

On March 17, 2003, Alam filed a motion to reopen removal proceedings, arguing that a "resurgence of factional fighting/killings" in the city of his prior residence in Pakistan caused him to "fear danger to [his] life" should he return. *Id.* at 139. On June 5, 2003, the BIA denied the mo-

tion to reopen, stating that it had considered Alam's arguments but found that a reopening of the proceedings was not warranted. *Id.* at 128.

Alam filed a second motion to reopen on July 16, 2003, arguing that his prior attorney had failed to inform him that he could apply for relief under the Convention Against Torture ("CAT"), that he had been involved in an accident and "even otherwise suffer[ed] from ill-health," that his life would be endangered by inadequate medical treatment if he returned to Pakistan, and that the situation there "had become fraught with even greater danger." *Id.* at 32–33. Alam submitted numerous background materials as well as a new asylum application in support of his motion. *Id.* at 34–126. On August 28, 2003, the BIA denied Alam's second motion to reopen because he had exceeded the limit of one motion to reopen and none of the exceptions to this limit were applicable. *Id.* at 18 (citing 8 C.F.R. § 1003.2(c)(2)).

Alam filed a motion to reconsider the denial of his second motion to reopen on September 24, 2003. *Id.* at 7. On December 3, 2003, the BIA denied Alam's motion to reconsider. *Id.* at 1–3. In its decision, the BIA acknowledged that numerical limits for motions to reopen "do not apply to motions which are based on a showing of changed country conditions," but held that "the documentary evidence submitted by the respondent does not demonstrate that conditions have changed in Pakistan to such a degree that the Pakistani government would, more likely than not, torture him or would acquiesce in his torture by others." *Id.* at 2. Because Alam "has not shown changed country conditions ... he has failed to show *prima facie* eligibility for CAT relief. There is, therefore, no basis for reopening." *Id.*

Before receiving a response to his motion to reconsider, however, Alam filed a timely petition for review of the BIA's decision with respect to the second motion to reopen on September 26, 2003. In his brief, Alam argues, *inter alia,* that the BIA erred in denying his second motion to reopen; because the second motion to reopen was based on a showing of changed country conditions, the BIA should have considered the motion as an exception to the numerical time limits.

## DISCUSSION

■ As a threshold matter, we note that our review is limited to the BIA's decision not to reopen petitioner's removal proceedings. Petitioner did not timely petition for review of the December 16, 2002 order of the BIA that affirmed the IJ's denial of his underlying asylum application. "It is also well-established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders ...." *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (citing *Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). "We are therefore 'precluded from passing on the merits of the underlying exclusion proceedings,' and must confine our review to the denial of petitioner's motion to reopen these proceedings." *Id.* (quoting *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 90 (2d Cir. 2001)).

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *Ke Zhen Zhao,* 265 F.3d at 92–93. "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 93 (citations omitted).

■ BIA regulations state that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *see also Ke Zhen Zhao*, 265 F.3d at 90 ("[A] motion to reopen asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing. Such motions must state what new facts would be proven at a hearing and be supported by affidavits or other evidentiary material.") (citation omitted). Both a failure to offer such evidence and a failure to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny the motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA can also properly deny a motion to reopen where it determines that, even if petitioner were eligible for asylum, he would not be entitled to a discretionary grant of relief. *Id.* at 105, 108 S.Ct. 904. At all times, however, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to petitioner's claim." *Ke Zhen Zhao*, 265 F.3d at 97.

■ If we were to ignore the BIA's December 3, 2003, order denying Alam's motion for reconsideration and focus only on the August 28, 2003, order denying Alam's second motion to reopen, we would find that the BIA abused its discretion in denying Alam's second motion when it applied the numerical limits on such motions and failed to assess whether the exception of changed country conditions was met. Alam clearly stated in his motion that the situation in Pakistan "had become fraught with even greater danger for [him]." AR

at 33. In addition, Alam submitted articles related to the murders of MQM members dating back to the month preceding his motion. *Id.* at·95–126. Despite Alam's indication that country conditions continued to worsen, the BIA stated in its decision that exceptions to the numerical limitations for the filing of motions to reopen were "not pertinent" in this case. *Id.* at 18.

■ However, "we are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005). "[A]dministrative law cases from both the Supreme Court and our court strongly suggest that we should disregard errors" in the asylum context when no change in the outcome would result. *Id.* (citing *NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (stating that "[*SEC v.* ]*Chenery* [, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ] does not require that we convert judicial review of agency action into a ping-pong game" and that remand is not required when it "would be an idle and useless formality")); *Mass. Trs. of E. Gas & Fuel Assocs. v. United States*, 377 U.S. 235, 246–48, 84 S.Ct. 1236, 12 L.Ed.2d 268 (1964) (holding that *Chenery* does not require a remand where it is clear that any arguable error would not have made a difference in the agency determination); *NLRB v. Am. Geri–Care, Inc.*, 697 F.2d 56, 64 (2d Cir.1982) ("[R]eversal and remand are [not] required each and every time an administrative agency assigns a wrong reason for its action; rather [remand is required] *only* where there is a significant chance that but for the error, the agency might have reached a different result."). This follows from "the general principle of futility—an error does not re-

quire a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 2006 WL 27427, at *10 (2d Cir. Jan.6, 2006). Thus, the "futility of a remand would support affirming despite legal error ... where— notwithstanding admitted errors—overwhelming evidence supporting the administrative adjudicator's findings makes it clear that the same decision would have been reached in the absence of the errors." *Cao He Lin*, 428 F.3d at 402 (citing *American Geri-Care*, 697 F.2d at 63–64).

In the present case, a remand would be completely futile in light of the fact that the BIA's order denying Alam's motion to reconsider addressed and rejected his claims of changed country conditions. The BIA found that

> the documentary evidence submitted by the respondent does not demonstrate that conditions have changed in Pakistan to such a degree that the Pakistani government would, more likely than not, torture him or would acquiesce in his torture by others. Even assuming that the respondent, as he claims, actually was a member of the Mohajir Quami Movement, a legal but violence-prone political party in Pakistan, he was certainly not a high-profile activist, and he has not shown that persons in his circumstances more likely than not would be tortured. The respondent has not shown changed country conditions, and he has failed to show *prima facie* eligibility for CAT relief. There is, therefore, no basis for reopening.

AR at 2. Thus, on the motion for reconsideration, the BIA reviewed the entire record submitted by Alam, recognized its prior error in mechanically applying the numerical limits on motions to reopen, addressed on the merits his claim that the changed-country-conditions exception applied, and rejected it on the merits. The BIA's finding makes clear that it has assessed the evidence behind Alam's CAT claim and found that to be an insufficient ground for asylum as well. Because the BIA has articulated legally proper and sufficient reasoning for denying Alam's motion to reopen, albeit in the context of deciding his motion to reconsider, remand would be pointless "because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen*, 434 F.3d 144, 2006 WL 27427, at *10 (citations omitted).

## CONCLUSION

For the foregoing reason, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).