**Suzana RADELJIC, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–4185–ag.**

United States Court of Appeals, Second Circuit.

Aug. 22, 2006.

Theodore Vialet, New York, New York, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney (Andrew W. Schilling, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

In June 1999, petitioner Suzana Radeljic, a native of what is now Croatia, failed to appear for her scheduled deportation hearing, and, as a consequence, an immigration judge ("IJ") issued an *in absentia* order of deportation. Five months later, petitioner filed a motion to reopen the proceedings to rescind the deportation order. The IJ denied the motion to reopen on the ground that petitioner's explanation for missing the deportation hearing—that she had not been feeling well, physically or emotionally—did not qualify as the sort of exceptional circumstances that would justify reopening the case. The Board of Immigration Appeals ("BIA") affirmed this decision on May 25, 2001. Significantly, petitioner did not appeal this denial to us. Instead, on June 25, 2001, petitioner filed with the BIA a motion to reconsider the BIA's denial of her earlier motion to reopen. This too the BIA denied. Petitioner then appealed this last BIA denial to us.

We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

On appeal, petitioner does not make any arguments disputing the basis of the BIA's denial of her motion to reconsider. She has, therefore, seemingly waived any objections to the BIA's decision to reject her motion to reconsider. *See United States v. Gabriel,* 125 F.3d 89, 100 n. 6 (2d Cir.1997) ("Because this argument was not raised in [the party's] initial brief ... the argument is waived." (citing Fed. R.App. P. 28(a)(6))), *rev'd on other grounds by United States v. Quattrone,* 441 F.3d 153, 176 (2d Cir.2006).

Moreover, petitioner's contentions principally attack the reasons given by the IJ and BIA for denying her earlier motion to reopen. Because petitioner did not appeal that denial, which she would have had to have done by June 24, 2001, *i.e.,* within 30 days of when the order of the BIA rejecting her motion to reopen became final, *see* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."), those arguments are not properly before us. *See Alam v. Gonzales,* 438 F.3d 184, 186 (2d Cir.2006) (per curiam).

Under the circumstances, petitioner has not given us any reason to conclude that the BIA abused its discretion in denying her motion to reconsider.

We have considered all of petitioner's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.