Victor HUTAPEA, Petitioner,

v.

Alberto R. GONZALES, Attorney
General of the United States,
Respondent.

No. 05–6374–ag.

United States Court of Appeals,
Second Circuit.

March 27, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Roslyn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Claire S. Kedeshian, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Victor Hutapea, a native and citizen of Indonesia, seeks review of an October 31, 2005 order of the BIA denying his motion to reopen and reconsider its decision adopting and affirming immigration judge ("IJ") Patricia Rohan's March 7, 2004 decision pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re* *Victor Hutapea,* No. A96–427–422 (B.I.A. Oct. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion, which may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (internal quotation marks omitted). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (per curiam) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001).

## A. Motion to Reopen

### 1. *Asylum*

■ This Court does not have jurisdiction to review the BIA's determination that Hutapea failed to present sufficient evidence indicating changed country conditions that would warrant the filing of a successive asylum application. Pursuant to 8 U.S.C. § 1158(a)(2)(B), subject to cer-

tain exceptions, an alien must file an application for asylum within one year of his arrival in the United States. Under 8 U.S.C. § 1158(a)(2)(D), an alien may file an asylum application after the allotted one-year period, provided he can demonstrate to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect his eligibility for asylum or extraordinary circumstances relating to the delay in filing. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's findings under 8 U.S.C. § 1158(a)(2), including its finding that the alien did not demonstrate changed circumstances under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In interpreting this provision, we have held that we lack jurisdiction to review the petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Here, Hutapea's arguments regarding the contents of his submitted background materials are purely factual, and we thus do not have jurisdiction to review the BIA's denial of his motion to reopen to file a successive asylum application based on Hutapea's inability to establish changed circumstances that would permit an untimely application.

### 2. *Withholding of Removal*

■ Because applications for withholding of removal are not subject to filing deadlines, this Court has jurisdiction to review the BIA's finding that Hutapea did not show changed circumstances that established his *prima facie* eligibility for withholding of removal. The BIA did not abuse its discretion in finding that Hutapea failed to show that country conditions had changed since his appearance before the IJ. In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), this Court warned the agency "not to place excessive reliance on published reports of the Department of State." Nonetheless, the Court has held that State Department reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Based on the Religious Freedom Report's express statement that religious freedom conditions had not changed as well as the lack of explicit reports in Indonesian media indicating differential treatment of Christians, the BIA appropriately rejected Hutapea's claim of changed circumstances establishing eligibility for withholding of removal. *Tu Lin,* 446 F.3d at 400; *see also Xiao Ji Chen,* 471 F.3d at 338 n. 17 (holding that this Court presumes an IJ has taken into account all evidence before him unless the record compellingly suggests otherwise).

### B. Motion to Reconsider

■ Hutapea moved for reconsideration of the IJ's analysis of his CAT claim, arguing that the IJ improperly required him to show that he would be tortured by government agents. We need not decide that question, however, in light of the BIA's appropriate conclusion that Hutapea failed to show that he would likely face persecution upon return to Indonesia, it is also unlikely that he would face torture. Thus, remand for further consideration under the correct CAT standard would most likely be futile. *See Xiao Ji Chen,* 471 F.3d at 339 (stating that remand is not required where the reviewing court can confidently predict that the agency would have reached the same conclusion absent the errors made); *Alam v. Gonzales,* 438 F.3d 184, 187–88 (2d Cir.2006) (per curiam) (ap-

**62**

plying the principle of futility of remand to motions to reopen). The BIA thus acted within its discretion in denying Hutapea's motion to reconsider.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).