Mohamed Lamin JALLOH, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 07–1531–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Theodore Vialet, Esq., New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation,

Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohamed Jalloh, a native and citizen of Sierra Leone, seeks review of a March 14, 2007 order of the BIA affirming the July 6, 2005 decision of Immigration Judge ("IJ") Paul DeFonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jalloh,* No. A95 476 730 (B.I.A. Mar. 14, 2007), *aff'g* No. A95 476 730 (Immig. Ct. N.Y. City July 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

As a preliminary matter, it is clear that Jalloh has petitioned for review only of the BIA's March 14, 2007 order affirming the IJ's denial of his application for relief. Jalloh filed his petition for review in this Court in April 2007, while his motion to reconsider was still pending before the BIA, and attached a copy of the BIA's March 14, 2007 order to the petition. Moreover, Jalloh never filed a separate petition for review of the BIA's June 21, 2007 denial of his motion to reconsider. Thus, we must limit our review to the BIA's March 14, 2007 order because that is the only decision from which a timely petition for review was filed. *See* 8 U.S.C. § 1252(b)(1); *see also Alam v. Gonzales,* 438 F.3d 184, 186 (2d Cir.2006). To the extent that Jalloh challenges the BIA's denial of his motion to reconsider, his petition is dismissed. *See* 8 U.S.C. § 1252(b)(1).

Moreover, this Court lacks jurisdiction to review the factual findings underlying the agency's determination that an asylum application was untimely filed under 8 U.S.C. § 1158(a)(2)(B). 8 U.S.C. § 1158(a)(3). We do retain jurisdiction to review any constitutional claims or "questions of law" Jalloh might raise in connection with the pretermission of his asylum application. *See Id.* § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–29 (2d Cir.2006). However, Jalloh raises no such arguments; instead, his petition for review "essentially disputes the correctness of an IJ's fact-finding" in determining that Jalloh had not demonstrated by clear and convincing evidence that his asylum application was timely filed. *Xiao Ji Chen,* 471 F.3d at 329. Accordingly, to the extent that Jalloh's petition challenges the pretermission of his asylum application, it is dismissed. *See id.* at 328–29.

We must also dismiss Jalloh's petition for review insofar as it challenges the agency's denial of his application for withholding of removal and CAT relief. As the BIA noted in its March 14, 2007 order, Jalloh failed to explicitly challenge the denial of these claims in appealing the IJ's decision. In his brief before this Court, Jalloh does not argue that the BIA erred in finding that he failed to appeal his withholding of removal or CAT claims. Rather, he merely argues that the evidence in the record supports his claim that he would more likely than not suffer harm if he returned to Sierra Leone or Guinea.

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of

right." This jurisdictional rule is absolute with respect to the requirement that, on appeal to the BIA, the petitioner raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Thus, as a matter of statutory jurisdiction, where a petitioner fails to raise a category of relief on appeal to the BIA, we are without jurisdiction to consider any challenge to the denial of that relief. *See* 8 U.S.C. § 1252(d)(1). Accordingly, Jalloh's petition is also dismissed with respect to his withholding of removal and CAT claims, leaving nothing for this Court to review.

For the foregoing reasons, the petition for review is DISMISSED.