10-2199-ag
Shi v. Holder

BIA
Hom, IJ
A097 703 688

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
>           ROSEMARY S. POOLER,
>           BARRINGTON D. PARKER,
>           DENNY CHIN,
>                   *Circuit Judges.*

_____

DAOMIN MYN SHI,
>           *Petitioner,*

>           v.                                          10-2199-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:            Charles Christophe, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; Dalin R. Holyoak, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Daomin Myn Shi, a native and citizen of China, seeks review of a May 21, 2010, decision of the BIA affirming the June 12, 2008, decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daomin Myn Shi*, No. A097 703 688 (B.I.A. May 21, 2010), *aff'g* No. A097 703 688 (Immig. Ct. N.Y. City June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, and, because the BIA assumed Shi's credibility, we do the same. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's finding that Shi did not establish a likelihood of persecution or torture if returned to China. *See* 8 C.F.R. § 1208.16(b)(1). First, the IJ noted that the country condition reports that Shi submitted suggested that while underground churches were interfered with by the government, treatment varied greatly in different areas, and in some localities the churches were tolerated. Second, the agency determined that these same reports indicated that the Chinese government's harassment of underground church members was, for the most part, limited to leaders of those churches. As Shi admitted that he was not, and had never been, a leader of any church, either in the United States or in China, the agency reasonably found that Shi's "mere association" with an underground church was not enough to establish that he would be persecuted in China. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Finally, the BIA found that even if Shi testified credibly during his merits hearing, the events to which he testified, where he was never arrested, detained or physically mistreated, did not establish a likelihood that he would be persecuted if he returned to China. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Accordingly, the agency did not

3

err in finding that Shi failed to establish a clear probability of persecution based on his membership in an underground Christian church. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Shi accurately notes that the BIA erred in finding that he "admitted that his parents are practicing Christians who have remained unharmed in China for many years." The BIA clearly erred in this finding, as there is no evidence in the record to support it. On the other hand, as the IJ found, Shi made no showing that his family had experienced any difficulty in the years since he had remained in China. [JA 20] We are "not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir. 2006) (internal quotation marks omitted).

Although Shi states that "he will likely suffer torture if forced to return to China," he presents no argument or evidence supporting this claim, other than a general statement that it is "because of his religious beliefs and practice." As the BIA concluded, Shi "failed to demonstrate with sufficient objective evidence that he more likely than

4

not would be subject to abuse amounting to torture" if he were to return to China. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5