11-1496-ag
Pennant v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand twelve.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

-----------------------------------------------------------------------
MORRIS ANTONIA PENNANT,
*Petitioner*,

v.                                                      No. 11-1496-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     JONATHAN ROMBERG (Saranne Weimer, Kimberly Franko, *on the brief*), Seton Hall University School of Law, Center for Social Justice, Newark, New Jersey.

APPEARING FOR APPELLEE:      ADA E. BOSQUE, Senior Litigation Counsel (Stuart F. Delery, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Eric W. Marsteller, Trial Attorney, *on the brief*),

Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the March 29, 2011 decision of the Board of Immigration Appeals ("BIA") is GRANTED, the order of removal is VACATED, and the case REMANDED.

Morris Antonia Pennant, a native and citizen of Jamaica, petitions for review of the BIA's decision dismissing his appeal from a January 12, 2011 decision of Immigration Judge ("IJ") John B. Reid finding Pennant removable and denying his application for cancellation of removal. In re Morris Antonia Pennant, No. A043 219 731 (B.I.A. Mar. 29, 2011), aff'g No. A043 219 731 (Immig. Ct. Batavia, N.Y. Jan. 12, 2011). Under the circumstances, we review only the BIA's decision. See Dong Gao v. BIA , 482 F.3d 122, 125 (2d Cir. 2007). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to grant the petition and remand for further proceedings.

Although we generally lack jurisdiction to review a final order of removal against an alien found removable by reason of having committed an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, see id. § 1252(a)(2)(D). Pennant's petition raises questions of law—namely, whether the

2

BIA erred in concluding that Pennant's New York attempted sale of marijuana conviction, see N.Y. Penal Law § 221.40, was an aggravated felony conviction, see 8 U.S.C. § 1101(a)(43)(B), and, thus, further erred in concluding that Pennant was statutorily ineligible for cancellation of removal, see id. § 1229b(a)(3).

Consistent with this court's precedent, the agency concluded that Pennant's attempted sale of marijuana conviction does not categorically qualify as an aggravated felony. See Martinez v. Mukasey, 551 F.3d 113, 122 (2d Cir. 2008). Pennant charges that the BIA nevertheless erred in identifying his marijuana conviction as an aggravated felony under the modified categorical approach. We agree.

The modified categorical approach involves a two-step inquiry. At the first step, the agency must "determine if the [state criminal] statute is divisible, such that some categories of proscribed conduct render an alien removable and some do not." Lanferman v. BIA, 576 F.3d 84, 88–89 (2d Cir. 2009) (internal quotation marks omitted). If the statute is divisible, the agency must proceed to the second step, "consult[ing] the record of conviction to ascertain the category of conduct of which the alien was convicted." Id. at 89 (internal quotation mark omitted).

At the first step, the BIA here failed to consider whether N.Y. Penal Law § 221.40 is divisible. Rather, it simply assumed divisibility, focusing exclusively on the second step of analysis. Accordingly, we grant Pennant's petition and remand for the BIA to decide in the first instance whether the statute is divisible and to explain its reasoning. See, e.g., James v. Mukasey, 522 F.3d 250, 259 (2d Cir. 2008).

3

We are not persuaded otherwise by the government's citation to the BIA's recent precedential opinion, In re Lanferman, 25 I. & N. Dec. 721 (B.I.A. 2012), clarifying the agency's approach to divisibility analysis. That precedential opinion postdates by almost a year the unpublished decision here, which, as we have already explained, did not engage in any divisibility analysis. Further, a petition for review of the Lanferman opinion is already pending in this court, see Lanferman v. Holder, No. 12-1372 (2d Cir. Apr. 6, 2012). Thus, we have no occasion here to decide whether the BIA's newly clarified approach to divisibility is entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843–44 (1984) or otherwise.

A further concern arises at the second step. The BIA relied on an affidavit of probable cause prepared by the arresting officer, which stated that Pennant sold marijuana for remuneration, to support its conclusion that Pennant's marijuana conviction constituted an aggravated felony. The BIA's analysis in reaching this conclusion is insufficient to permit meaningful appellate review. See Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir. 2005).

Under the modified categorical approach, the agency may consider only those facts to which a defendant actually and necessarily pleaded in order to establish the elements of the offense, as indicated by the record of conviction, which may include the charging document, a written plea agreement, or a plea colloquy transcript. See Akinsade v. Holder, 678 F.3d 138, 144 (2d Cir. 2012). A police report detailing the circumstances under which the crime was committed is generally not a document considered in modified categorical

4

analyses. See Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d 116, 128-29 (2d Cir. 2007) (listing materials that have been considered permissible), abrogated on other grounds by Nijhawan v. Holder, 557 U.S. 29, 33. The BIA here stated that (1) under New York law, "a criminal action commences with the filing of an accusatory instrument" and (2) in this local court proceeding, the officer's affidavit was the "accusatory instrument" that commenced the action. J.A. 48. We have no reason to doubt that this correctly describes New York law and practice. Nevertheless, in the absence of a transcript of the guilty plea colloquy, the agency did not consider whether, in light of the probable cause affidavit's dual role as both police report and local court charging document, Pennant actually and necessarily admitted the particular facts alleged in the affidavit's "to wit" clause in order to establish elements of the offense. See Akinsade v. Holder, 678 F.3d at 144; see also Dickson v. Ashcroft, 346 F.3d 44, 52 (2d Cir. 2003) (stating that modified categorical approach "prohibits reference to or examination of the particular factual circumstances underlying" conviction (emphasis in original)). In short, on remand, the agency needs to consider further whether the entirety of an affidavit serving such a dual purpose can be considered part of the record of conviction for purposes of modified categorical analysis.

For both of the foregoing reasons, Pennant's petition for review is GRANTED, the

order of removal VACATED, and the case REMANDED for further proceedings consistent

with this order.[*]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[*]Those further proceedings may properly be informed by any discussion this court renders on the petition in Lanferman v. Holder, No. 12-1372 (2d Cir. Apr. 6, 2012), as well as by any Supreme Court decision in Moncrieffe v. Holder, 132 S. Ct. 1857 (2012) (granting certiorari on question "[w]hether a conviction under a provision of state law that encompasses but is not limited to the distribution of a small amount of marijuana without remuneration constitutes an aggravated felony, notwithstanding that the record of conviction does not establish that the alien was convicted of conduct that would constitute a federal law felony"). We further note that while the BIA addressed only whether Pennant was both removable and ineligible for cancellation of removal as an aggravated felon, the IJ also concluded that (1) Pennant's marijuana convictions were controlled substance offenses that render him removable under 8 U.S.C. § 1227(a)(2)(B)(I), and (2) even if Pennant were eligible for cancellation of removal, he would decline to grant that relief as a matter of discretion, id. § 1229a(c)(4)(A)(ii). These conclusions were not addressed in the BIA decision, and were not clearly challenged by Pennant in his pro se appeal to the BIA. We express no view on the merits of these conclusions, but note that the BIA is not precluded on remand from determining whether these conclusions independently support the IJ's decision, regardless of whether the conviction at issue qualifies as an aggravated felony. See generally Alam v. Gonzales, 438 F.3d 184, 187 (2d Cir. 2006) (concluding that agency would have reached same result even absent charged errors).

6