Khan v. Holder

BIA
Hom, IJ
A074 973 934

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
>           GUIDO CALABRESI,
>           JOSÉ A. CABRANES,
>           ROBERT D. SACK,
>                 *Circuit Judges.*

_____

MUHHAMAD ARSHAD KHAN,
>           *Petitioner,*

>           v.                                    13-1135
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:         Amy Nussbaum Gell, New York, N.Y.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Michael P. Lindemann, Chief, National Security Unit; Lyle D. Jentzer, Senior Counsel for National Security, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Muhammad Arshad Khan, a native and citizen of Pakistan, seeks review of a February 27, 2013, decision of the BIA denying his motion to reopen and remand and affirming the July 25, 2011, decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhammad Arshad Khan*, No. A074 973 934 (B.I.A. Feb. 27, 2013), *aff'g* No. A074 973 934 (Immig. Ct. N.Y. City July 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are

well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Khan does not challenge the agency's denial of his motion to reopen, and the BIA did not excuse his failure to exhaust any challenge to the denial of CAT relief, we have reviewed only the denial of asylum and withholding of exclusion. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993).

Khan argues that his material support of the Jammu and Kashmi Liberation Front ("JKLF") should not trigger the terrorist activity bar to asylum because he did not knowingly provide support and the JKLF did not engage in terrorist activity. This Court, however, retains jurisdiction to consider only constitutional claims and questions of law regarding the agency's application of that statutory bar. *See* 8 U.S.C. §§ 1158(b)(2)(D), 1252(a)(2)(D). To the extent Khan challenges the agency's factual finding that he knew that the JKLF engaged in terrorist activity and that he knowingly provided it material support, his arguments are unreviewable. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We are also unable to review his argument that the Government was required to consider his eligibility for a

discretionary waiver given to applicants who provided material support under duress because it is unexhausted. A petitioner must raise to the BIA the specific issues he later raises in this Court. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). However, whether the JKLF's activities constitute "terrorist activities" under the Immigration and Nationality Act ("INA") presents a question of law subject to our review. *Shi Ji Ge v. Holder*, 588 F.3d 90, 94-95 (2d Cir. 2009).

Because Khan applied for asylum prior to April 1, 1997, the agency was required to apply the INA as amended by the Anti-terrorist and Effective Death Penalty Act, but prior to the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). *See* 8 C.F.R. § 1208.13(c)(2)(i)(F). Unlike its successor, the pre-IIRIRA statute provided that terrorist activity abroad did not bar a grant of asylum if "there are no reasonable grounds to believe that the individual is a danger to the security of the United States." However, the agency erroneously applied the IIRIRA-amended INA to Khan's application. The agency therefore did not consider whether the exception under 8 C.F.R. § 1208.13(c)(2)(i)(F) applied. However, we do not

4

consider Khan's argument that remand is warranted because it is unexhausted. *See Lin Zhong*, 480 F.3d at 119-20.

Khan also argues that the agency incorrectly designated JKLF as a terrorist organization. Remand to reconsider that designation is unnecessary, however, because, for the reasons set forth below, under the prior version of the INA, Khan was barred from relief based on his support of the JKLF. *See Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006) (the Court is "not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

Former section 212(a)(3)(B) of the INA provided, in relevant part, that an alien is inadmissible if he has "engaged in terrorist activity." INA § 212(a)(3)(B)(i)(I) (1996). "Engag[ing]" in terrorist activity included providing "material support to any individual, organization, or government in conducting a terrorist activity at any time, including . . . a safe house, transportation, communications, funds, false identification, weapons, explosives, or training, to any individual the actor knows or has reason to believe has committed or plans to commit a terrorist activity." *Id.* § 212(a)(3)(B)(iii). This definition, while less detailed than its later iteration,

encompasses the support the agency found Khan provided the JKLF.  *Compare id.* (defining engagement to include material support of any organization conducting terrorist activity), *with* INA § 212(a)(3)(B)(iii)(1997) (distinguishing between the types of terrorist organizations).  Moreover, the agency reasonably found that the JKLF conducted a "terrorist activity."  "Terrorist activity" was defined as "any activity which is unlawful under the laws of the place where it is committed . . . and which involves any of the following:"

> . . .
> **(II)** The seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained.
> . . .
> **(V)** The use of any--
> > **(a)** biological agent, chemical agent, or nuclear weapon or device, or
> > **(b)** explosive or firearm (other than for mere personal monetary gain),
> > with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.
> **(VI)** A threat, attempt, or conspiracy to do any of the foregoing.

INA § 212(a)(3)(B)(ii) (1996).  According to the declaration and testimony of Khan's expert witnesses and various other sources, the Pakistani government discontinued its support

6

of the JKLF in the 1990s. Various news articles also assign responsibility for thousands of death in India to the JKLF's 1990 insurgency there, during which it used arms, bombs, and kidnappings against Indian nationals to achieve its goal of Kashmiri independence. In light of the deaths incontestably caused by the JFLK's illegal use of firearms and bombs and ransom schemes, the agency reasonably found that the JKLF had conducted terrorist activities. *See id.* § 212(A)(3)(B)(ii)(II),(V).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk