Yokoyama v. Holder

BIA
Ferris, IJ
A088 445 387

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> REENA RAGGI,
> > *Circuit Judges.*

_____

MICHI YOKOYAMA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-711

NAC

_____

FOR PETITIONER:      Matthew L. Guadagno, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner, Michi Yokoyama, a native and citizen of Japan, seeks review of a January 30, 2013, decision of the BIA affirming the July 10, 2012, decision of Immigration Judge ("IJ") Noel A. Ferris denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Michi Yokoyama*, No. A088 445 387 (B.I.A. Jan. 30, 2013), *aff'g* No. A088 445 387 (Immig. Ct. N.Y. City July 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Asylum and Withholding of Removal

The BIA affirmed the IJ's denial of asylum and withholding of removal based on: Yokoyama's failure to establish a well-founded fear of persecution on account of her membership in a particular social group and also applied the serious nonpolitical crime bar to relief, which rendered her statutorily ineligible for relief.  Both conclusions are flawed and require remand.

### A.  Serious Nonpolitical Crime Bar

The BIA found that Yokoyama's embezzlement charges gave sufficient cause to believe that she had committed a serious nonpolitical crime and she failed to rebut the presumption that the bar applied.  The BIA's application of the bar without notice to Yokoyama constitutes error.

Asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) and the CAT are unavailable if "there are serious reasons [*i.e.,* probable cause] for believing that the [applicant] has committed a serious nonpolitical crime outside the United States prior to [her] arrival [] in the United States."  8 U.S.C. § 1158(b)(2)(A)(iii); *see also* 8 U.S.C. § 1231(b)(3)(B)(iii); 8 C.F.R. § 1208.16(d)(2); *Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009) (equating

3

"serious reasons for believing" to probable cause). Once the agency has determined that a statutory bar may apply, the applicant shall have the burden of proving by a preponderance of evidence that such grounds do not apply. *See* 8 C.F.R. §§ 1240.8(d), 1208.13(c)(2)(ii), 1208.16(d)(2). The agency is then required, as a matter of due process, to give the applicant the opportunity to rebut the presumptive application of the bar. *See Monter v. Gonzalez*, 430 F.3d 546, 552 (2d Cir. 2005) (finding that BIA's conclusion that the applicant materially misrepresented facts was premature and erroneous due to both its and the IJ's failure to give the applicant the opportunity to rebut the presumption of removability based on the misrepresentation).

Here, the IJ did not address the bar at all and consequently did not put Yokoyama on notice that the she bore the burden to show that it did not apply. *See Monter*, 430 F.3d at 552. Although Yokoyama declined to discuss the charges against her, asserting the Fifth Amendment right against self-incrimination, she had no notice that her failure to testify regarding the charges would result in the application of the bar and render her statutorily ineligible for relief. Thus, the BIA's application of the bar violated

4

her due process rights. *See id.; see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (noting that due process "requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard").

### B.   Persecution and Nexus Findings

Yokoyama contends that she established a well-founded fear of future persecution on account of her membership in two social groups: assertive, Americanized Japanese women and female detainees in Japan.  However, the BIA failed to sufficiently address these claims.

When an alien does not rely on a claim of past persecution, she must demonstrate that there is an objectively reasonable basis for fearing that she will be persecuted on account of a protected ground, which includes a particular social group.  *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A).  To the extent Yokoyama argues that the Japanese government will persecute her on account of the fact that she is charged with embezzlement, her argument is unavailing, as the embezzlement prosecution is not pretextual and it constitutes a valid state action, not persecution.  *See Saleh v. U.S. Dep't of Justice*, 962 F.2d

5

234, 239 (2d Cir. 1992). For the same reasons, the IJ reasonably found that Yokoyama cannot establish a particular social group based on her suspected criminal activity. *See id.* at 240; *Matter of E-A-G-*, 24 I. & N. Dec. 591, 596 (BIA 2007) ("Treating affiliation with a criminal organization as being protected membership in a social group is inconsistent with the principles underlying the bars to asylum and withholding of removal based on criminal behavior.").

The BIA did not, however, address whether "Americanized women who express their opinions" or "women accused of crimes in Japan," *i.e.* female detainees, constitute particular social groups, or whether Yokoyama has a well founded fear of harm as a member of those grounds. In order to establish asylum eligibility based on membership in a particular social group, the alien must establish that the group itself was cognizable, meaning that it: (1) exhibits a shared characteristic that is socially visible to others in the community; and (2) is defined with sufficient particularity. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Although the BIA stated that Yokoyama did not establish her membership in a particular social group, it did so only in regard to her argument that she would be

6

persecuted as a suspected criminal. Thus, the agency must determine in the first instance whether she has established that she is a member of the particular social group fo purposes of the INA, and whether she has a well founded fear of future persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review).

Because both bases for the agency's denial of asylum and withholding of removal are flawed, remand to consider these issues would not be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006).

**II. CAT Relief**

Substantial evidence supports the agency's finding that Yokoyama did not establish a likelihood that she would be tortured in Japan. To demonstrate eligibility for CAT relief, an applicant must show that she would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). Not all harm rises to the level of torture; rather, it is an "extreme form of cruel and inhuman treatment," 8 C.F.R. § 208.18(a)(2)), which does not include "pain or suffering

7

arising only from, inherent in or incidental to lawful sanctions," *id.* § 1208.18(a)(3).

Yokoyama argues that the pretrial confinement and interrogation she will inevitably face in Japan constitute torture. While a 2011 Report notes that Japanese prisons often were overcrowded and failed to provide adequate heating, even deplorable prison conditions do not constitute torture absent evidence of intent to torture. *See Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007). Although criminal defendants in Japan may be held in pretrial detention for up to 23 days and may be subjected to unlawful questioning techniques, such as being handcuffed to a chair during a prolonged interrogation, and offered bail in exchange for a confession, those acts do not involve the "infliction or threatened infliction of *severe* physical [or mental] pain or suffering," 8 C.F.R. § 1208.18(a)(4)(i); *see also id.* § 1208.18(a)(5). The agency therefore reasonably found that Yokoyama did not demonstrate that her pretrial detention or, if convicted, imprisonment would constitute torture. *See Khouzam*, 361 F.3d at 171.

For the foregoing reasons, the petition for review is GRANTED to the extent it challenges the denial of asylum and

8

withholding of removal and DENIED in regards to the denial of CAT relief.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk