12-373-ag
Nikishchenko v. Lynch

BIA
McManus, IJ
A088 436 455

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

OLEG FEDOROVICH NIKISHCHENKO,
*Petitioner*,

v.                                                          12-373-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*[1]

_____

FOR PETITIONER:      Cleland B. Welton II (Stephen A. Broome, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, N.Y.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**         Channah F. Norman, Trial Attorney
                           (Stuart F. Delery, Assistant
                           Attorney General, John S. Hogan,
                           Senior Litigation Counsel, *on the
                           brief*), Office of Immigration
                           Litigation, Civil Division, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Petitioner, Oleg Fedorovich Nikishchenko, a native of
the Soviet Union and citizen of Ukraine, seeks review of a
January 12, 2012 decision of the BIA affirming the December
16, 2010 decision of an Immigration Judge ("IJ"),
pretermitting his asylum application as untimely. *In re Oleg
Fedorovich Nikishchenko*, No. A088 436 455 (B.I.A. Jan. 12,
2012), *aff'g* No. A088 436 455 (Immig. Ct. N.Y. City Dec. 16,
2010). We assume the parties' familiarity with the
underlying facts and procedural history of the case.

Nikishchenko challenges the agency's denial of his
asylum application as filed more than one year after his
entry into the United States. *See* 8 U.S.C. § 1158(a)(2)(B).

He argues that his 2009 application should be excepted from the one-year filing deadline because, in 1997, an attorney misadvised him that he was ineligible for asylum because his tourist visa had expired, and he did not discover the error until he obtained *pro bono* counsel to defend him in the 2009 removal proceedings. Ineffective assistance of counsel is an "extraordinary circumstance" excusing the one-year deadline "as long as the alien filed the application within a reasonable period given those circumstances." 8 C.F.R. § 1208.4(a)(5). Nikishchenko argues that the agency failed to apply the correct legal standard in concluding that his application did not meet this requirement.

Although we generally lack jurisdiction to review the pretermission of an asylum application as untimely, 8 U.S.C. § 1158(a)(3), whether the agency applied the correct legal standard in determining timeliness raises a question of law over which we retain jurisdiction, *id.* § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We review this question of law *de novo*. *Shi Jie Ge v. Holder*, 588 F.3d 90, 93-95 (2d Cir. 2009).

The agency determined that Nikishchenko's application was untimely because he had not demonstrated due diligence

3

in discovering the attorney's error and in applying for asylum. In support of this finding, the BIA cited *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007), and *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). Nikishchenko is correct that these cases, and the due diligence standard they employ, are related not to the reasonable-period standard, but to the equitable exception for untimely motions to reopen. While it is true that the former standard derived from equity principles, and the latter from regulation, both address whether it is reasonable to expect that an alien should have discovered and raised his ineffective assistance claim earlier. *See Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (explaining that equitable tolling is applied until error should have been discovered by a reasonable person); Asylum Procedures, 62 Fed. Reg. 10312, 10316 (Mar. 6, 1997) (stating that the alien has the burden of establishing that the application would have been timely filed "but for" the extraordinary circumstances and requiring that an alien who meets the extraordinary circumstance criteria file the application "within a reasonable time period given those circumstances" (internal quotation marks omitted)). Remand is therefore

4

unnecessary to correct the error because it is clear that the agency determined that Nikishchenko's filing delay was unreasonable. *See Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir. 2006) (declining to remand "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion" (internal quotation marks omitted)).

Our analysis ends here because our jurisdiction is limited to questions of law. Despite Nikishchenko's invitation to determine the reasonableness of his delay, that determination is factual and not subject to review. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2) (excluding factual findings from review). Contrary to his argument that the agency created a new rule requiring misadvised aliens to seek second opinions, the agency merely found it unreasonable that he would not attempt to seek counsel in the twelve years prior to the onset of proceedings to pursue *any* immigration relief, and thereby discover his attorney's error. Nikishchenko has therefore failed to identify any error of law subject to further review.

We have considered all of Nikishchenko's contentions that are properly before us and have found them to be without merit. For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>