Williams v. Holder

BIA
A074 840 789

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
            DENNIS JACOBS,
                    *Chief Judge,*
            JON O. NEWMAN,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*
_____

SHAWN ONEAL WILLIAMS, AKA SHAWN
O'NEAL WILLIAMS,
            *Petitioner,*

        v.                                    12-1661
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Ransford B. McKenzie, Brooklyn, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Shelley

**R. Goad, Assistant Director; Monica Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shawn Oneal Williams, a native and citizen of Jamaica, seeks review of a March 30, 2012, decision of the BIA denying his motion to reopen. *See In re Shawn Oneal Williams*, No. A074 840 789 (B.I.A. Mar. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Williams's motion to reopen, filed more than six years after his final order of removal, was untimely.

Williams contends, however, that the time limitation should be tolled because he exercised due diligence in pursuing his claim that the first attorney who represented him in his removal proceedings provided ineffective assistance. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that in order to warrant equitable tolling, alien claiming ineffective assistance of counsel must demonstrate "due diligence in pursuing the case during the period the alien seeks to toll" (internal quotation marks omitted)).

Williams is correct that the BIA erred in addressing whether Williams's second immigration attorney was ineffective, while Williams's claim was that his first immigration attorney was ineffective. Nonetheless, we decline to remand as remand would be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir. 2006) (holding that remand is not required "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion" (internal quotation marks omitted)). The BIA's finding that Williams failed to substantially comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), with respect to his

3

second attorney is equally applicable to his claim regarding his first attorney. Although Williams asserts that he tried but failed to contact his first attorney, he offers no explanation of what efforts, if any, he made in that regard, and so has not demonstrated due diligence and has not satisfied the first requirement of *Lozada*. *See id.* at 639; *Jian Hua Wang v. B.I.A.*, 508 F.3d 710, 715 (2d Cir. 2007) (rejecting petitioner's claim of due diligence where he failed to "establish[] in the written record . . . what measures he took to reopen his case"). Furthermore, in his affidavit in support of his motion to reopen, Williams offered no details regarding his agreement with his first attorney, and did not furnish evidence that he filed a disciplinary charge against the attorney. *See Lozada*, 19 I. & N. Dec. at 639. Failure to comply with the *Lozada* requirements is a valid ground for the BIA to deny reopening. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED and the Government's motion to strike is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is

VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5