Gurung v. Holder

BIA
Hom, IJ
A087 481 205

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

JAMYANG GURUNG,
*Petitioner,*

v.                                    12-4634
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Marie Licelle R. Cobrador, Jackson
                         Heights, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Jennifer L.
                         Lightbody, Senior Litigation
                         Counsel; Laura M.L. Maroldy, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Jamyang Gurung, a native and citizen of Nepal, seeks review of an October 22, 2012, decision of the BIA affirming the October 15, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jamyang Gurung*, No. A087 481 205 (B.I.A. Oct. 22, 2012), *aff'g* No. A087 481 205 (Immig. Ct. N.Y. City Oct. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA's primary basis for denying withholding of removal was the IJ's adverse credibility determination, though the IJ did not entirely reject Gurung's testimony and denied relief only after making an additional burden finding, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to review the pretermission of Gurung's asylum application because his assertion that the agency erred in finding that he established neither changed nor extraordinary circumstances does not raise a reviewable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C),(D). Moreover, Gurung failed to exhaust CAT relief, *see Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006), so we consider only withholding of removal.

For applications such as Gurung's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. The agency's adverse credibility determination here is not supported by substantial evidence.

The IJ based his adverse credibility determination on the following inconsistencies between Gurung's testimony and asylum application: (1) Gurung's testimony that Maoists visited him in 2002 and 2003 and attacked him in August 2004, though his application states that he was visited in March 2004 and attacked in July 2004; (2) his testimony that he was attacked by four or five men who he believed had a sharp object or gun and hit him with a riding crop, though his application states that there were six men who brandished a chain knife and rope and hit him with a long stick; and (3) his testimony that he was only bruised on his shoulders by the stick, though his application states he was hit in the face with the stick causing a nose bleed. Gurung testified tentatively as to the types of weapons carried by his assailants, stating twice that it was dark, that the men were in a large group, and that he was hit only with the long stick. However, the IJ did not consider these explanations in determining whether it accounted for Gurung's confusion as to the number of men and types of

4

weapons.  This failure constitutes error.  *See Beskovic v.*
*Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a
certain minimal level of analysis from agency decisions
denying relief from removal to enable meaningful judicial
review).

Further, both the IJ and the BIA mischaracterize the
weapon used to hit Gurung.  Although Gurung consistently
described the weapon as a long stick in his testimony and
application, the IJ described the weapon as a "riding crop"
and the BIA misstated Gurung's application as indicating
that he was hit with the chain knife.  Based on this
misstatement, the BIA erroneously found an inconsistency
with Gurung's testimony that he was hit with a stick.  The
BIA also incorrectly stated that Gurung testified that he
was traveling to Pokhara when stopped by the Maoists.  To
the contrary, Gurung did not testify to his original
destination.  Rather, both his testimony and application
indicate that he escaped to a neighboring village after the
attack and, from there, went to Pokhara.

Excluding consideration of these flawed findings, the
IJ's adverse credibility determination rested only on the
date discrepancies, which the IJ found were not fatal to
Gurung's claim, and the inconsistencies regarding the

5

injuries Gurung sustained.  Because these two inconsistencies do not constitute substantial evidence supporting the adverse credibility determination, the agency erred in denying withholding of removal on that basis.  *See* 8 U.S.C. § 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

The BIA alternatively denied withholding based on Gurung's failure to establish that he was targeted based on a statutorily protected ground.  Withholding eligibility requires that the persecution an applicant suffered or fears be on account of his race, religion, nationality, political opinion, or particular social group.  8 U.S.C. § 1231(b)(3)(A).  Here, the agency considered only whether Gurung established his membership in a particular social group and not whether he was targeted based on his political opinion due to his Nepali Congress Party activities, despite his testimony and arguments on appeal that he was attacked because he did not quit the party.  Because the agency's alternative basis for denying withholding is also erroneous for failing to address Gurung's argument, *see Beskovic*, 467 F.3d at 227, there is a realistic possibility that, absent the errors in the adverse credibility determination, the agency would have reached a different conclusion.  Remand for reconsideration of Gurung's application for withholding

6

of removal is therefore not futile.  *See Alam v. Gonzales*, 438 F.3d 184, 187–88 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED in part, with regard to withholding of removal, and DENIED to the extent it challenges the denial of asylum and CAT relief.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk