Chen v. Lynch

BIA
Hom, IJ
A087 785 377

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand fifteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————————————

CHANGJIAN CHEN,
> *Petitioner,*

v.        13-1239
NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent.*

———————————————————————————————

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR PETITIONER:**          Changjian Chen, *Pro Se*,
                             Flushing, NY

**FOR RESPONDENT:**          Joyce R. Branda, Acting
                             Assistant Attorney General;
                             Emily Anne Radford, Assistant
                             Director; Jesse D. Lorenz, Trial
                             Attorney, Office of Immigration
                             Litigation, United States
                             Department of Justice,
                             Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Changjian Chen, a native and citizen of the People's Republic of China, seeks review of a March 12, 2013, decision of the BIA, affirming the November 10, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Changjian Chen*, No. A087 785 377 (B.I.A. Mar. 12, 2013), *aff'g* No. A087 785 377 (Immig. Ct. N.Y. City Nov. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The petition raises three issues: (1) whether the IJ abused his discretion in refusing to accept Chen's evidence submitted after the filing deadline; (2) whether the IJ committed constitutional or legal error in pretermitting Chen's asylum application as untimely; and (3) whether the IJ erred in finding that Chen did not establish either past persecution or a likelihood of future persecution. We dismiss the petition as to Chen's claim for asylum. We deny the petition as to all other matters.

## I. Rejection of Late Documents

Under 8 C.F.R. § 1003.31(c), an IJ may set a deadline for the submission of documents, and after the deadline, may deem the opportunity to file them waived. The IJ "retains the authority to determine how to treat an untimely filing." Imm. Ct. Pract. Man. Ch.3(d)(ii). We

3

review an IJ's rejection of documents as untimely for abuse of discretion. *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). An IJ may depart from a deadline when an alien demonstrates both good cause for a departure and a likelihood of substantial prejudice from enforcement of the deadline. *Id*. at 192.

On April 7, 2010, the IJ set the filing deadline as March 1, 2011, giving Chen almost one year to submit documents. Chen submitted a number of documents pertaining to his date of entry into the United States and his past persecution one day after the deadline. Chen then submitted additional documents weeks later, purportedly because he had been waiting for his mother's letter to arrive from China. The IJ did not abuse his discretion in rejecting these late documents. Chen was represented by counsel, had nearly a year to gather evidence prior to the deadline, and did not request an extension or explain in advance that the submissions would be late. *See Dedji*, 525 F.3d at 192.

## II.  Untimely Asylum Application

Pursuant to 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D), our jurisdiction to review the agency's determination that an asylum application was untimely is limited to "constitutional claims or questions of law."  Chen raises no reviewable claims.  He argues that the IJ erred when he discounted testimony that Chen witnessed the exit stamp being placed in his passport in November 2008, but this argument goes to the weight to be afforded the passport, and does not present a question of law.  Because Chen contests only the weight the IJ gave to his passport, he raises a factual issue this Court lacks jurisdiction to review.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29, 332 (2d Cir. 2006).

## III. Withholding of Removal

To establish eligibility for withholding of removal, an applicant must show that he will likely be persecuted if returned to his country.  8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2).  If the applicant is found to have suffered past persecution, it is presumed that there is a likelihood of future persecution on that basis.  8

5

C.F.R. § 1208.16(b)(1). Absent past persecution, to establish an independent fear of persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

As Chen argues, the agency failed to consider all of his testimony when considering whether he had established past persecution. The IJ noted that Chen testified that he was arrested during a religious service in his home, detained for three days, forced to pay a fine, and required to report monthly to the police. However, the IJ did not reference an earlier incident in which Chen was detained for five hours for distributing material promoting Christianity, or that he was unable to enroll in college due to the three-day detention for participation in an illegal activity. As a result, the agency may not have considered Chen's past harm in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005); *Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004). Furthermore, we have concluded that physical mistreatment—the main focus of the agency's determination—is not

6

dispositive of whether persecution has occurred. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002).

However, even if all incidents are considered, Chen was detained only for brief periods, was never physically abused, and did not establish that he suffered a serious, "non-physical form[] of harm such as 'the deliberate imposition of a substantial economic disadvantage.'" *Ivanishvili*, 433 F.3d at 341 (quoting *Guan Shan Liao*, 293 F.3d at 67). The IJ explicitly considered the more severe incidents of mistreatment and omitted discussion only of Chen's five-hour detention and inability to enroll in college. While the agency's decision is not without error, we are "not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006).

Chen also argues that he established an independent fear of future persecution on the basis of his religious practice in the United States. In the absence of past persecution, he was required to show a reasonable

7

possibility that "authorities . . . are either aware of his activities or are likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). An alien may make this showing either by offering evidence that "'he or she would be singled out individually for persecution'" or that "proves the existence of 'a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

The IJ reasonably concluded that Chen failed to demonstrate a pattern or practice of persecution of Christians who attend unregistered churches. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Chen submitted no evidence of such persecution because he submitted no evidence of country conditions. Absent any such evidence in the record, the IJ did not err in finding that Chen failed to meet his burden of proof.

For the foregoing reasons, the petition for review is DISMISSED at to Chen's asylum claim and DENIED as to all other claims. As we have completed our review, any stay of

8

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk