Sai v. Sessions

BIA
Sichel, IJ
A089 252 017

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

YANAN SAI,
> *Petitioner,*

> v.                                                          15-344
>                                                             NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:                Gary J. Yerman, Esq., New York, N.Y.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanan Sai, a native and citizen of China, seeks review of a decision of the BIA, affirming a decision of an Immigration Judge ("IJ") denying Sai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanan Sai,* No. A089 252 017 (B.I.A. Jan. 8, 2015), *aff'g* No. A089 252 017 (Immig. Ct. N.Y.C. Mar. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), under established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Past Persecution

Sai argues that the agency, in finding no past persecution, ignored his testimony that he was beaten multiple times while detained and, therefore, failed to consider his past harm cumulatively. We need not decide this issue, however, because substantial evidence, including Sai's own testimony, supports the agency's determination that Sai was not harmed on account of actual or imputed political opinion, but, rather, as retribution for discarding his employer's fruit, refusing to pay for the loss, and complaining to a commercial board.

As a result, remand as to Sai's claim of past persecution would be futile because, absent any errors made, the agency would have reached the same decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). The petition for review is therefore denied as to this claim.

## II. Fear of Future Persecution

An applicant who has not established past persecution is not entitled to a presumption of fear of future persecution and, thus, must establish both that he subjectively fears such persecution and that this fear is objectively reasonable. *See* 8 C.F.R. § 1208.13(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To carry this burden, the applicant

3

must "make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Sai argues that, after leaving China, he made several blog posts critical of the Chinese government, that other online critics of the government have been persecuted, and that letters from his wife indicate that the police have come to his home in China to threaten him for his criticism.

The BIA, however, concluded that Sai had not established a well-founded fear of future persecution because he had not shown that he was engaged in the type of journalism the Chinese government was likely to target, particularly as he had not provided credible evidence that the government was aware of what he had written. In so concluding, the BIA effectively relied on the IJ's adverse credibility finding as to Sai's wife's letters, which referenced dates inconsistent with Sai's testimony regarding when police had come to his home. The agency may base an adverse credibility determination on statement inconsistencies "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Because it is not "plain that no

4

reasonable fact-finder could make such an adverse credibility ruling" here, *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), we defer to the agency on this finding. Thus, even if there were any error in the BIA's failure formally to adopt the IJ's credibility findings, no remand would be warranted because there is no realistic possibility that, absent that error, the agency would have reached a different conclusion as to feared future persecution. *See Alam v. Gonzales*, 438 F.3d 184, 187–88 (2d Cir. 2006).

For the same reasons, the record does not compel a conclusion that Sai showed that it was more likely than not that he would be tortured if he returned to China. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Accordingly, we affirm the agency's denial of Sai's CAT claim.

III. Conclusion

For the foregoing reasons, the petition for review is DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

5